112 February 22, 2024 No. 116

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Penney JOHNSON,
*Plaintiff-Appellant,*

*v.*

Michael MULLEN
and Lisa Mullen,
husband and wife,
*Defendants-Respondents.*

Michael MULLEN
and Lisa Mullen,
husband and wife,
*Third Party Plaintiffs,*

*v.*

MIRACLE INDUSTRIES, INC.,
dba Servicemaster Cleaning Specialists et al.,
*Third Party Defendants.*

Deschutes County Circuit Court
19CV50988; A176244

Beth M. Bagley, Judge.

Argued and submitted June 8, 2023.

Calvin P. Vance argued the cause and filed the briefs for appellant.

Michael G. Jacobs argued the cause for respondents. Also on the brief was Hart Wagner LLP.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Plaintiff appeals from a limited judgment and a supplemental judgment entered in favor of defendants. In five assignments of error, she challenges the trial court's grant of summary judgment to defendants on her claims and a supplemental judgment that awarded attorney fees to defendants.[1] For the following reasons, we affirm.

"We review a trial court's grant of summary judgment for errors of law and will affirm if there are no genuine disputes about any material fact and the moving party is entitled to judgment as a matter of law." *Beneficial Oregon, Inc. v. Bivins*, 313 Or App 275, 277, 496 P3d 1104 (2021) (internal quotation marks omitted). No genuine issue of material fact exists when, viewing the evidence in the light most favorable to the adverse party, "no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment." ORCP 47 C. We state the facts in accordance with that standard.

Defendants purchased the residential rental property at issue in 2015. In 2016, the tenant at the time notified defendants that the dishwasher leaked and defendants discovered mold in the kitchen. Defendants hired a company to perform water intrusion mitigation and repairs and, based on the company's recommendation, rebuilt the kitchen and replaced the flooring. Defendants also commissioned air quality testing and the results indicated that the property was habitable. Defendants then leased the property to a different tenant until plaintiff began renting the property in May 2018.

When the parties executed the lease, they also executed a "Mold Prevention Addendum" (the addendum) that required plaintiff to keep the property clean and to "*promptly report* to [defendants] any leaks, moisture problems, and/or mold growth." The addendum also required plaintiff to use any available fans when bathing or cooking

---

[1] The general judgment that dismissed the case with prejudice is not before us on appeal. We do not address defendants' issue preclusion arguments related to the general judgment because issue preclusion does not apply to "an earlier phase of the same case." *Hayes Oyster Co. v. Dulcich*, 199 Or App 43, 50, 110 P3d 615, *rev den*, 339 Or 544 (2005).

and to frequently inspect interior areas—such as cabinets and sinks—for leaks, among other similar responsibilities. The addendum further provided that violations of its terms constituted default of the lease.

According to plaintiff, she experienced medical symptoms within days of moving in. She observed that an exterior door had inadequate weather stripping, that the laundry room and bathroom lacked proper ventilation, and that the exterior hose bibs leaked. Plaintiff represents that she reported those problems to defendants, but that defendants did not remediate them.

In 2019, plaintiff commissioned a mold test of the property without defendants' knowledge, and, after receiving the results, decided to move out. Plaintiff later filed a complaint alleging that defendants violated the Oregon Residential Landlord and Tenant Act, ORS chapter 90, and negligently maintained the property by allowing mold to grow and rendering the property uninhabitable. Plaintiff also sought declaratory relief, arguing that the addendum was unenforceable. Defendants filed a motion for summary judgment on plaintiff's claims and supported their motion with several declarations, including a declaration from one defendant that stated, "[a]t no point during [plaintiff's] tenancy did she ever notify [defendants] of her belief that the Property was uninhabitable due to mold contamination." The trial court granted summary judgment to defendants on plaintiff's claims and entered a limited judgment in their favor. This appeal followed.

We understand plaintiff's first four assignments of error to challenge the trial court's summary judgment ruling for various reasons. First, plaintiff argues that the trial court erred because there is a genuine issue of material fact concerning defendants' knowledge that the property was uninhabitable. Citing *Eddy v. Anderson*, 366 Or 176, 458 P3d 678 (2020), plaintiff argues that because defendants knew that mold was present in 2016, "they had actual notice of their habitability violation." We disagree.

A tenant cannot recover damages for habitability violations "if the landlord neither knew nor reasonably should

have known of the condition that constituted the noncompliance," and the tenant "knew or reasonably should have known of the condition *and failed to give actual notice* to the landlord in a reasonable time." ORS 90.360(2) (emphasis added). In *Eddy*, the Supreme Court explained that "'actual notice,' as required by ORS 90.360(2), does not require written notice. Rather, actual notice can be given verbally or by any 'other method reasonably calculated to achieve actual receipt of notice, as agreed to and described in a written rental agreement.'" 366 Or at 192 (quoting ORS 90.150(1), (4)).

When viewed in the light most favorable to plaintiff, the record does not permit an objectively reasonable juror to determine that defendants had actual knowledge that the property was uninhabitable. Plaintiff points to the air quality report that defendants received in 2016 as evidence that defendants "already knew of the mold contamination." However, the environmental hygienist who prepared the report stated in a declaration that successive air sampling tests "demonstrate[d] that mold levels within the Property decreased steadily" and that "spores in the Property at the time of the September 22, 2016, sampling did not render the Property uninhabitable." Further, even though plaintiff tested the property for mold in 2019, she testified in a deposition that she did not tell defendants about the test or that she believed the property was uninhabitable before she moved out.

In sum, even though the record demonstrates that defendants knew that mold and spores had been present in 2016, that fact—without more—is insufficient to support a determination that defendants had actual notice that the property was uninhabitable in 2018 and 2019 during plaintiff's tenancy. The trial court did not misapply *Eddy* when it granted summary judgment to defendants.

In a combined second and third argument, we understand plaintiff to contend that the trial court failed to view the evidence in the light most favorable to plaintiff, as the adverse party, and that her declaration created a genuine issue of material fact by contradicting misrepresentations in one of defendant's declarations.

We disagree with plaintiff's argument. The trial court did consider the evidence—including plaintiff's statements in her declaration about requested repairs, the 2019 mold test, and that "[defendants] said the house had been tested and cleared"—in the light most favorable to plaintiff. The trial court concluded, however, that "even if taken as true, those once again do not bear on the home being uninhabitable due to a mold infestation." The court further explained that plaintiff's evidence and any reasonable inferences that it could draw in her favor failed to raise a genuine issue of material fact on the critical question of whether defendants knew that the property was uninhabitable during plaintiff's tenancy. The trial court did not err in its evaluation of plaintiff's evidence.

In her fourth argument, we understand plaintiff to assert that the trial court erred when it concluded that the addendum was enforceable. Specifically, plaintiff argues that the addendum violates ORS 90.245 and public policy by "shift[ing] liability for maintaining a habitable premises onto the tenant."[2]

The addendum required plaintiff to take reasonable steps to keep the property clean, including using exhaust fans when cooking, and to immediately report any water concerns and mold growth to defendants. Because the addendum's terms comport with a tenant's responsibilities under ORS 90.325 and do not relieve defendants of their statutory obligations, it does not "shift" liability onto plaintiff. *Compare* ORS 90.325(1) (requiring a tenant, among other obligations, to "[k]eep all areas of the premises under control of the tenant in every part as clean, sanitary and free from all accumulations of debris, filth, rubbish, garbage, rodents and vermin") *with* ORS 90.320(1) (requiring the landlord "at all times during the tenancy [to] maintain the dwelling unit in a habitable condition") *and* ORS 90.220(1) (providing that a rental agreement may include "terms and conditions not prohibited by this chapter or other rule of law including rent, term of the agreement and other provisions governing

---

[2] ORS 90.245(1) provides that a rental agreement may not, among other things, require a tenant to "exculpat[e] or limit[] *** any liability arising as a result of the other party's willful misconduct or negligence or to indemnify the other party for that liability or costs connected therewith[.]"

the rights and obligations of the parties"). Accordingly, the trial court did not err in determining that the addendum was enforceable.

In her final assignment of error, plaintiff argues that the trial court erred when it awarded attorney fees to defendants. "Whether a party is entitled to attorney fees presents a question of law, but whether fees are reasonable is a factual determination that we review for abuse of discretion." *Makarios-Oregon, LLC v. Ross Dress-for-Less, Inc.*, 293 Or App 732, 739, 430 P3d 142, *adh'd to as modified on recons*, 295 Or App 449, 430 P3d 1125 (2018).

We understand plaintiff to argue that because the trial court erred when it granted summary judgment to defendants, defendants were not the prevailing party and, therefore, were not entitled to attorney fees. Our answer above resolves plaintiff's argument here. To the extent that plaintiff argues that the fee award was unreasonable, we decline to address that matter because no legal argument is sufficiently developed in appellant's brief. *See Beall Transport Equipment Co. v. Southern Pacific,* 186 Or App 696, 700 n 2, 64 P3d 1193 (2003) ("[I]t is not this court's function to speculate as to what a party's argument might be. Nor is it our proper function to make or develop a party's argument when that party has not endeavored to do so itself.").

Affirmed.